UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PATRICIA KENNEDY, Individually,                     :
                                                    :
        Plaintiffs,                                 :
                                                    :
                                                    :
v.                                                  :   Case No.
                                                    :
KITE KING'S LAKE, LLC d/b/a King Lake               :
Square, a foreign limited liability company; J P R  :
TRUSTING ENTERPRISE, INC., a Florida                :
corporation; UTOPIA NAIL AND SPA, INC., a           :
dissolved Florida Corporation; THE RESCH            :
KIDS, LLC, a Florida limited liability company;     :
KINGS LAKE HAIR DESIGN, INC., a dissolved           :
Florida corporation; and ASIAN PALACE, INC.,        :
a Florida corporation,                              :

        Defendants.
_____/

**Amended COMPLAINT**
(Injunctive Relief Demanded)

      Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants,

KITE KING'S LAKE, LLC, J P R TRUSTING ENTERPRISE, INC., UTOPIA NAIL AND SPA,

INC., THE RESCH KIDS, LLC, KINGS LAKE HAIR DESIGN, INC., and ASIAN PALACE, INC.

(collectively referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation

expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

("ADA").

1.        Plaintiff is a Florida resident, lives in Broward County, is *sui juris*, and qualifies as

          an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage

in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair and has limited use of her hands.

2.      KITE KING'S LAKE, LLC is a foreign limited liability company that owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Kings Lake Square and is located at 4816-4890 Davis Blvd., Naples, FL 34104 in the County of Collier.

3.      J P R TRUSTING ENTERPRISE, INC. is a Florida corporation that owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Subway and is in Kings Lake Square, located at 4830 Davis Blvd., Naples, FL 34104 in the County of Collier.

4.      UTOPIA NAIL AND SPA, INC. is a dissolve Florida corporation that owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Utopia Nails & Spa and is in Kings Lake Square, located at 4882  Davis Blvd., Naples, FL 34104 in the County of Collier.

5.      THE RESCH KIDS, LLC is a foreign limited liability company that owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and

the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Tacos & Tequila Cantina and is in Kings Lake Square, located at 4834 Davis Blvd., Naples, FL 34104 in the County of Collier.

6.     KINGS LAKE HAIR DESIGN, INC. is a dissolve Florida corporation that owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Kings Hair Design and is in Kings Lake Square, located at 4824 Davis Blvd., Naples, FL 34104 in the County of Collier.

7.     ASIAN PALACE, INC. is a Florida corporation that owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Asian Palace and is in Kings Lake Square, located at 4850 Davis Blvd., Naples, FL 34104 in the County of Collier.

8.     Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs.  The Defendants' properties are located in and they does business within this judicial district.

9.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title

III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

10.     As the owner, lessor, lessee, or operator of the subject premises, Defendants are required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facilities, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

11.     Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the

4

ADAAG to the maximum extent feasible.  Failure to comply with these requirements constitutes a violation of the ADA.

12.    A preliminary inspection of Kings Lake Square has shown that violations exist.

13.    KITE KING'S LAKE, LLC's violations include, but are not limited to:

i.    failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

ii.    failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

iii.    lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes, obstructions, narrow or blocked passageways, lack of sufficient maneuvering space.

iv.    insufficient number of compliant parking spaces and access aisles, with excessive slopes.

v.    non-compliant restrooms, with insufficient maneuvering space, obstructions, non-compliant doorways, improper door hardware, insufficient door clearance, improperly located amenities, inaccessible sinks, inaccessible commodes, missing grab bars, lack of compliant grab bars, flush controls on wrong side, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off.

vi.    lack of compliant accessible seating and tables.

14.    J P R TRUSTING ENTERPRISE, INC.'s violations include, but are not limited to:

5

    i.      failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii.     failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

    iii.    non-compliant restrooms, with insufficient maneuvering space, obstructions, insufficient clearance, improperly located amenities, inaccessible sinks, inaccessible commodes, and lack of compliant grab bars.

15.      UTOPIA NAIL AND SPA, INC.'s violations include, but are not limited to:

    i.      failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii.     failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

    iii.    non-compliant restrooms, with insufficient maneuvering space, obstructions, non-compliant doorways, improper door hardware, insufficient door clearance, improperly located amenities, inaccessible sinks, and missing grab bars.

16.      THE RESCH KIDS, LLC's violations include, but are not limited to:

    i.      failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii.     failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

      iii.    non-compliant restrooms, with insufficient maneuvering space, obstructions, improperly located amenities, and unwrapped pipes,

17.    KINGS LAKE HAIR DESIGN, INC.'s violations include, but are not limited to:

      i.    failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

      ii.    failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

      v.    non-compliant restrooms, with insufficient maneuvering space, obstructions, and improperly located amenities.

      vi.    lack of compliant accessible seating and tables.

18.    ASIAN PALACE, INC.'s violations include, but are not limited to:

      i.    failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

      ii.    failure to maintain its features to ensure that they are readily accessible and usable by the disabled.

      iii.    non-compliant restrooms, with improperly located amenities, flush controls on wrong side, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off.

      vi.    lack of compliant accessible seating and tables.

19.    Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA

compliant. The Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability.

20.     In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

21.     The violations present at Defendants' facilities, create a hazard to Plaintiff's safety.

22.     Plaintiff is continuously aware of the violations at Defendants' facilities and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

23.     The violations present at Defendants' facilities infringe Plaintiff's right to travel free of discrimination.   Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' facilities. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.   By encountering the discriminatory conditions at Defendants' facilities, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.  By maintaining a public accommodation with

8

        violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

24.       Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

25.       Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit Kings Lake Square not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

26.       The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

27.       The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff,

and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28.     Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of thier place of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

10

29.      Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Kings Lake Square to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 7, 2016

Respectfully Submitted,

Aaron Finesilver, Of Counsel
Thomas B. Bacon, P.A.
333 S.E. 2nd Avenue, Suite 2000
Miami, FL 33131
Telephone: (786) 817-3387
Fax: (305) 503-7374
Aaron@finesilverlaw.com
Florida Bar Number: 577022

By: /s/ Aaron Finesilver
    AARON FINESILVER, ESQ.

Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By: /s/Thomas B. Bacon
    Thomas B. Bacon, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic

filing system upon all parties of record this 7th day of April 2016.


/s/ Aaron Finesilver
AARON FINESILVER, ESQ.